UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DORIAN THEODORE                                             CIVIL ACTION

VERSUS                                                      NO. 22-951-SDD-RLB

ALLIED TRUST INSURANCE COMPANY

**ORDER**

Before the Court is the parties' Joint Motion to Appoint Appraisal Umpire. (R. Doc. 24). The parties have submitted separate lists of proposed umpires and their respective CVs for the Court's consideration. (R. Docs. 27, 28)

**I.     Background**

The instant lawsuit involves claims for damage to property located in Gonzales, Louisiana as a result of Hurricane Ida. (R. Doc. 1). Dorian Theodore ("Plaintiff") seeks coverage and statutory bad faith damages related to claims made under an insurance policy (the "Policy") issued by Allied Trust Insurance Company ("Defendant"). There is no dispute that the Court can properly exercise diversity jurisdiction over this action under 28 U.S.C. § 1332.

The parties represent that the Policy provides the following language with respect to appraisals, including the appointment of an umpire:

> **F.     Appraisal**
>
> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. **If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located.** The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. Any outcome of the appraisal will not be binding on either party.

> Each party will:
> **1.** Pay its own appraiser; and
> **2.** Bear the other expenses of the appraisal and umpire equally.

(R. Doc. 24 at 3) (bold added by the parties).

Prior to the filing of this lawsuit, the parties selected their initial appraisers when Defendant demanded an appraisal of the loss. Plaintiff designated Matthew Addison as Plaintiff's appraiser, and Defendant designated Ronald West as its appraiser. (R. Doc. 24 at 1). After the filing of this lawsuit, Plaintiff designated Mike Deckelman as Plaintiff's appraiser. (R. Doc. 24 at 2). The parties' appraisers were unsuccessful in jointly selecting an umpire in accordance with the Policy. (R. Doc. 24 at 2). Accordingly, the parties filed the instant Joint Motion to seek appointment of an umpire by the Court.

The parties did not, however, submit proposed a list of proposed umpires with their Joint Motion. Accordingly, the Court ordered the parties to submit separate lists of no more than three candidate umpires and their respective CVs for the Court's consideration. (R. Doc. 25). The Court also informed the parties it was not required to appoint an umpire from those proposed candidates.

As ordered, the parties submitted separate lists of proposed umpires for potential appointment. Plaintiff proposed the appointment of Joel Moore, Cade Cole, or Jeffery Jennings. (R. Doc. 27). Defendant proposed the appointment of Bruce Authement, Edward C. Bergeron, or Felix J. Turner. (R. Doc. 28). The parties did not submit any additional filings challenging the qualifications of any of the proposed umpires submitted for the Court's consideration.

**II.    Law and Analysis**

"Appraisal provisions in insurance policies are generally valid and enforceable under Louisiana law." *Allied Tr. Ins. Co v. Burnett*, No. 21-01110, 2021 WL 2212198, at *1 (W.D. La.

June 1, 2021) (citing *Dore v. Shelter Mut. Ins. Co.*, 2013 WL 5915141 at * 3 (La. App. 1st Cir. 2013); *S. Fid. Ins. Co. v. Martin*, No. 13-496, 2014 WL 12719622 at * 2 (E.D. La. Jan. 3, 2014). "The court appointed umpire 'should be impartial and have relevant experience.'" *Nigro v. United Prop. & Cas. Ins. Co.*, No. 19-03744, 2021 WL 1111121, at *1 (S.D. Tex. Mar. 23, 2021) (quoting *Sandpiper Condo. Council of Owners, Inc. v. Lexington Ins. Co.*, No. 18-414, 2020 WL 977254, at *1 (S.D. Tex. Feb. 28, 2020)).

There is no dispute between the parties that the appraisal provision in the Policy is enforceable. The parties have jointly sought court appointment of an umpire in accordance with the appraisal provision in the Policy. Accordingly, the Court will appoint an umpire as requested by the parties.

Having reviewed the submission of the parties, the Court will appoint Cade Cole as the appraisal umpire for the purposes of the instant insurance claim dispute. Federal courts "routinely have appointed Cade Cole as deputy special master and recognized him as a 'neutral' in Hurricane Laura and Hurricane Delta cases." *Temple Baptist Church of Ruston, Inc. v. Emps. Mut. Cas. Co.*, No. 21-04324, 2022 WL 17070555, at *7 (W.D. La. Nov. 2, 2022) (citations omitted), *report and recommendation adopted*, 2022 WL 17072032 (W.D. La. Nov. 17, 2022). The Court takes judicial notice of this fact, and finds that "Mr. Cole is well-qualified for the position of umpire and so selects him to fulfill that role in this case." *Temple Baptist*, 2022 WL 17070555, at *7; *see also Broussard v. Am. Mod. Prop. & Cas. Ins. Co.*, No. 22-01104, 2022 WL 20689717 (W.D. La. July 8, 2022) (appointing Cade Cole as umpire).

If Mr. Cole declines to serve as umpire in this matter, then the Court selects Joel Moore as umpire. His resume demonstrates that he is well-qualified for the position and would likewise serve as a neutral umpire.

As discussed above, although both Mr. Cole and Mr. Moore were proposed by the Plaintiff, the Court has no reason to suggest that both can fulfill this role in a fair, neutral and impartial manner.

### III.  Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the parties' Joint Motion to Appoint Appraisal Umpire (R. Doc. 24) is **GRANTED**, and that Cade Cole (or if he declines, Joel Moore) is appointed to serve as Umpire in accordance with the terms of the Policy.

**IT IS FURTHER ORDERED** that the parties shall notify the undersigned's chambers if the issuance of a scheduling order is necessary.

Signed in Baton Rouge, Louisiana, on October 18, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**